IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARLYN RICE SIBILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:13-CV-566-WKW |
| | ) [WO] |
| T.K. DAVIS, III and PATRICIA Y. DAVIS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

This action arises under the Alabama Uniform Fraudulent Transfer Act, Alabama Code § 8-9A-1, *et seq*. Before the court is Defendants T. K. Davis III and Patricia Y. Davis's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or for more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e). (Doc. # 6.) Also before the court is Defendants' alternative motion to strike pursuant to Federal Rule of Civil Procedure 12(f). (Doc. # 8.) Plaintiff Arlyn Rice Sibille has responded to both motions. (Docs. # 14, 15.) Defendants' Rule 12(b)(6) and Rule 12(e) motions are due to be denied as moot based upon Plaintiff's subsequent filing of an Amended Complaint and the alternative Rule 12(f) motion is due to be denied.

**A.    Rule 12(b)(6) and 12(e) Motions**

The Amended Complaint moots the pending Rule 12(b)(6) and Rule 12(e) motions because it cures the pleading defects of which Defendants complain. *See Rhodes v. Walgreen Co.,* No. 7:12cv3921, 2013 WL 3153737, at *3 (N.D. Ala. June 18, 2013) ("[W]hile an amended complaint often moots a pending motion to dismiss, if some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.  To hold otherwise would be to exalt form over substance." (internal quotation marks, brackets and citation omitted)).  First, Defendants argue that the original Complaint does not contain a short and plain jurisdictional statement required by Federal Rule of Civil Procedure 8(a)(1).  Plaintiff previously represented that the jurisdictional statement in the original Complaint contained a typographical error and moved for leave to amend the complaint.  (Doc. # 18.)  The motion was granted (Doc. # 20), and Plaintiff filed an Amended Complaint correcting the jurisdictional allegations. (Doc. # 21.)  Thus, Defendants' argument is moot.

Second, Defendants argue that the original Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) or, alternatively, ask the court to require Plaintiff to provide a more definite statement pursuant to Rule 12(e).  Defendants assert that Plaintiff has failed to "state with particularity the

circumstances constituting fraud" in accordance with Rule 9(b).  (Doc. # 7 at 4.) Defendants challenge Plaintiff's failure to state the value of the one-half undivided interest in the property, which Plaintiff alleges Defendants fraudulently transferred to Mrs. Davis's name in an effort to hinder, delay, or defraud her in violation of the Alabama Uniform Fraudulent Transfer Act.  Defendants further argue that the original Complaint fails to state the basis for the allegations set forth in her original Complaint, which is the basis for their Rule 12(e) motion.  Defendants request that Plaintiff satisfy these two defects pursuant to Rule 12(b)(6) and 12(e).

In her Amended Complaint, Plaintiff added the value of the one-half undivided interest of the property at issue in paragraph 14.  (Doc. # 21.)  Plaintiff also added paragraph 11 of the Amended Complaint to set out further the basis for the allegations of her claim.

Rule 9(b) requires that a plaintiff "must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b). Plaintiff alleges that Mr. Davis, under the guise of good faith discussions to settle a debt owed, fraudulently transferred to his wife, Mrs. Davis, as a tenant in common, one of his primary assets.  Plaintiff sufficiently sets forth the circumstances surrounding the transfer, listing the approximate dates of the discussions, as well as the date of the alleged fraudulent transfer.  Based upon these allegations, the

3

Amended Complaint "state[s] with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  Thus, Defendants' Rule 12(b)(6) motion to dismiss and Rule 12(e) motion for a more definite statement are due to be denied as moot.

**B.    Rule 12(f) Motion**

Defendants alternatively move for an order striking paragraph 10 of Plaintiff's Complaint because it improperly references inadmissible offers of compromise by and between a co-defendant in the related state court action. (Doc. # 8.)  Paragraph 10 of the original Complaint and the Amended Complaint alleges the following:

> On or about April 27, 2011, Donald H. Allen, a co-signor of said promissory note and acting as the authorized representative of defendant T.K. Davis, met with plaintiff's counsel in his office where Allen requested additional time so that he and defendant T. K. Davis III could make satisfactory arrangements with Plaintiff for payment.

(Doc. # 1 ¶ 10.)  Defendants argue that this meeting between a co-defendant in the state court action and Plaintiff's counsel "clearly falls within the purview of Fed. R. Evid. 408, which prohibits the use of compromise, offers and negotiations in civil cases."  (Doc. # 8, at ¶ 4.)  Plaintiff responds that the facts set forth in paragraph 10 (and the added paragraph 11 of the Amended Complaint) do not constitute a settlement offer and are relevant and material to the Davises' intent to hinder, delay or defraud Plaintiff in her ability to collect the funds due to her pursuant to the promissory note subject of the state court action.  (Doc. # 14 ¶ 2.)

She further argues that Rule 408 only applies to the claim at issue in the case-in-chief and thus, is not applicable in this action against the Davises. Plaintiff's argument is well taken.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'A motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Loucks v. Shorest, LLC*, 282 F.R.D. 637, 638 (M.D. Ala. 2012) (quoting *Augustus v. Bd. of Public Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Additionally, some district courts have observed that "Rule 408 disputes are more appropriately resolved in the context of a motion *in limine* instead of prematurely through a Rule 12(f) motion." *Sawo v. Drury Hotels Co.*, No. 11cv2232, 2011 WL 3611400, at *2 (D. Kan. Aug. 15, 2011) (collecting cases).

The information alleged in paragraph 10 (and added paragraph 11) of the Amended Complaint is not redundant, immaterial, impertinent, or scandalous. The facts are relevant to the alleged fraudulent transfer and to Mr. Davis's "conditions of . . . mind," as required by Rule 9(b) when claiming fraud.

Furthermore, the facts of paragraphs 10 and 11 of the Amended Complaint do not constitute an offer, discussions, or negotiations in an effort to settle this

5

lawsuit, and Plaintiff has provided an "arguably permissible use for paragraph [10] outside of the uses prohibited by Rule 408(a)." *Sawo*, 2011 WL 3611400, at*2 (citing Fed. R. Civ. P. 408(a)).  The motion to strike will be denied, but the ultimate admissibility of evidence supporting the allegations in paragraph 10 is for the court to decide at a later stage.

**C.** **Conclusion**

Based on the foregoing, it is ORDERED that Defendants' Rule 12(b)(6) motion to dismiss (Doc. # 6) and Rule 12(e) motion for a more definite statement (Doc. # 6) are DENIED as MOOT.  It is further ORDERED that Defendants' alternative motion to strike paragraph 10 (Doc. # 8) is DENIED.

DONE this 14th day of November, 2013.

                                  /s/ W. Keith Watkins
                       CHIEF UNITED STATES DISTRICT JUDGE