IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARLYN RICE SIBILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:13-CV-566-WKW |
| ) | [WO] |
| T.K. DAVIS, III and PATRICIA Y. ) | |
| DAVIS, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM OPINION AND ORDER**

This action arises under the Alabama Uniform Fraudulent Transfer Act, Alabama Code §§ 8-9A-1, *et seq*. Before the court is Plaintiff/Counterclaim Defendant Arlyn Rice Sibille's motion to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) or for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. # 26.) Defendants/Counterclaim Plaintiffs T.K. Davis, III and Patricia Davis have failed to respond to the motion. For the reasons that follow, Plaintiff's Rule 12(b)(6) motion is due to be granted.

## **I. JURISDICTION AND VENUE**

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

## II.  STANDARDS OF REVIEW

A.  <u>Rule 12(b)(6)</u>

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8:  "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F. 3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 663 (alteration in original) (citation omitted).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 556).  The standard

also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

Under Rule 12(b)(6), "it is generally true that the 'scope of the review must be limited to the four corners of the complaint.'" *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

**B.** **Rule 12(e)**

A party may move for a more definite statement under Rule 12(e) when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P 12(e). District courts also have the "inherent authority to require the [plaintiff] to file a more definite statement" if not by Rule 12(e), then by their authority "to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition." *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

### III. BACKGROUND

On August 8, 2013, Plaintiff/Counterclaim Defendant Arlyn Rice Sibille (hereinafter, "Plaintiff") filed this action against Defendants/Counterclaim

Plaintiffs T.K. Davis, III and Patricia Y. Davis (hereinafter, "Defendants") pursuant to the Alabama Fraudulent Transfer Act, Alabama Code §§ 8-9A-1, *et seq.*, after discovering that Mr. Davis conveyed an undivided one-half interest in one of his real property assets, which he solely owned, to his wife, Mrs. Davis. Plaintiff alleges that Mr. Davis fraudulently conveyed the property in an effort to avoid collection as a result of a pending action in Lee County Circuit Court against Mr. Davis and others. Plaintiff asks this court to set aside the allegedly fraudulent conveyance. On November 1, 2013, the state court entered a judgment in favor of Plaintiff in the amount of $369,000.[1]

In this action, Defendants filed an Answer and Counterclaim Complaint against Plaintiff on December 11, 2013, alleging intentional interference with business and/or contractual relations (Count I) and abuse of process (Count II). (Doc. # 24.) Plaintiff filed a motion to dismiss and supporting brief on December 18, 2013. (Docs. # 26, 27.) Defendants have not responded, notwithstanding having had the opportunity to do so. (Doc. # 23.)

## IV. DISCUSSION

Plaintiff argues that Defendants' counterclaims alleging tortious interference with business and/or contractual relations (Count I) and abuse of process (Count II) are due to be dismissed pursuant to Rule 12(b)(6). Alternatively, Plaintiff argues

---

[1] Defendants make this representation in their Answer and Counterclaim. (Doc. # 24.)

4

that the court should enter an order requiring Defendants to provide a more definite statement as to Count I pursuant to Rule 12(e).

## A.     Tortious Interference Claim – Count I

Plaintiff contends that Defendants base their claims on the premise that Plaintiff's signature on the deed at issue was a forgery, but that the state court action resolved the forgery issue in Plaintiff's favor. Hence, Plaintiff contends that the claims are barred by the doctrines of *res judicata*, collateral estoppel, and judicial estoppel. Specifically as to Count I, Plaintiff argues that Defendants "have failed to plead a particular valid contract with anyone about anything that existed and therefore said cause is due to be dismissed." (Doc. # 27, at 2.)

Under Alabama law, to state a claim for tortious interference with business or contractual relations, Defendants must allege the following elements: (1) the existence of a protectable business relationship; (2) of which Plaintiff was aware; (3) with which Plaintiff intentionally interfered; (4) the absence of justification for Plaintiff's interference; and (5) damage to Defendants. *White Sands Group, LLC v. PRS II, LLC*, 32 So. 3d 5, 14 (Ala. 2009); *see also Parsons v. Aaron*, 849 So. 2d 932, 946 (Ala. 2002). The fourth element has been recognized as both an element to be proved by the plaintiff and as an affirmative defense to be pleaded by the defendant. *Parsons*, 849 So. 2d at 946. "The tort of intentional interference with business relations was intended to provide a remedy for situations where a third

5

party intentionally interferes with the relationship of two contracting parties, not as a remedy for situations where an allegedly breached contract between two parties . . . affects the relationship of one of the parties with a third party." *Cahaba Seafood, Inc. v. Central Bank of the South*, 567 So. 2d 1304, 1306 (Ala. 1990).

Defendants fail to plead sufficient factual matter as to elements one and three such that the claim for relief in Count I is not plausible on its face. Defendants generally allege that they "were involved in and/or a party to various business or contractual relationships." (Doc. # 24, ¶ 21.) Defendants do not allege what contract or contracts with which Plaintiff interfered, nor do Defendants allege who the other involved parties are. Further, Defendants fail to allege the subject matter of these contracts or what intentional action Plaintiff took to interfere with them. (Doc. # 24.) Defendants' "obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation and quotations omitted). Because Defendants' claim fails to allege any substantive facts to support the elements necessary to state a claim for intentional interference with business relations, Defendants cannot plead a claim

for relief.[2] Accordingly, Plaintiff's motion to dismiss this claim is due to be granted.

**B.      Abuse of Process Claim – Count II**

Plaintiff argues that Defendants' abuse of process claim is due to be dismissed because Plaintiff has a legal right to protect her rights of collection through the present cause of action because she is a creditor of Defendant T.K. Davis, III. Defendants allege that "[b]y initiating this cause of action, [Plaintiff] maliciously and/or wrongfully used the legal and judicial processes to accomplish an ulterior and/or unlawful purpose," that Plaintiff's claims in this action are "groundless," and that Plaintiff's ulterior purpose is "the coercion of forcing Greg to satisfy [her] judgment."[3] (Doc. # 24, ¶¶ 28, 29.)

"A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (citing *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009)) (quotations omitted). "[T]he factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Id.* (citing *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir.2007)) (quotations omitted). The tort of abuse of process, the theory of recovery

---

[2] Because the Rule 12(b)(6) inquiry is dispositive, it is unnecessary to address the *res judicata* and estoppel arguments or the alternative Rule 12(e) motion.

[3] The record is unclear as to who "Greg" is.

Defendants allege in asserting their claim for relief, is defined as "the perversion of a regular and valid process, which has been duly and properly issued, whereby a result not lawfully or properly attainable under it is secured."  *Dempsey v. Denman*, 442 So. 2d 63, 65 (Ala. 1983) (citing *Duncan v. Kent*, 370 So. 2d 288, 290 (Ala. 1979), and *Dickerson v. Schwabacher*, 58 So. 986, 988 (Ala. 1912)).

Alabama courts have held that in order to prove the tort of abuse of process, a plaintiff must prove: (1) the existence of an ulterior purpose; (2) a wrongful use of process; and (3) malice.  *Preskitt v. Lyons*, 865 So. 2d 424, 430 (Ala. 2003) (citing *Willis v. Parker*, 814 So. 2d 857, 865 (Ala. 2001)) (quotations omitted). Furthermore, "[i]f the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse . . . ." *See* 1 Am. Jur. 2d Abuse of Process § 13 (1962); *see also Duncan*, 370 So. 2d at 290.

Viewing the facts as alleged in the light most favorable to Defendants and in view of the principles set out above, even if the first element – the existence of an ulterior purpose – might be inferred from the evidence, the allegations do not establish the second and third elements.  Defendants' recitation of the elements of the claim alone are not sufficient "to raise a right to relief above the speculative level." *Twomby*, 550 U.S. at 556.  "[W]hen on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," dismissal is deemed appropriate.  *Glover v. Liggett Group, Inc.*, 459 F.3d 1304,

8

1308 (11th Cir. 2006). An abuse of process claim cannot survive because Defendants have failed to allege any facts to support their claim that Plaintiff wrongfully used the process maliciously. Consequently, Plaintiff's motion to dismiss the abuse of process claim is due to be granted.

**C.     Conclusion**

Based on the foregoing, Plaintiff's Rule 12(b)(6) motion to dismiss is GRANTED. It is ORDERED that Defendants' counterclaims are DISMISSED with prejudice.

DONE this 31st day of March, 2014.

                                    /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE