IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARLYN RICE SIBILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:13-CV-566-WKW |
| ) | [WO] |
| T.K. DAVIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Arlyn Rice Sibille's motion to amend and motion for leave to file an amended complaint. (Doc. # 100.) Upon consideration of the motion, the court concludes that it should be denied.

### I.  PROCEDURAL HISTORY

In August 2011, Defendant T.K. Davis created Defendant My Heidi LLC, transferred half his interest in My Heidi to his wife, Defendant Patricia Davis, and placed the majority of his real property assets into My Heidi. In October 2012, T.K. Davis conveyed his half interest in the marital home to Patricia Davis, and he also conveyed certain property he had recently purchased to My Heidi. T.K. Davis currently has no assets except his interest in My Heidi, LLC, exempt retirement accounts, and personal effects such as his clothes, hearing aids, glasses, and a big screen television. T.K. Davis gives any money he receives, such as social security checks or proceeds from the sale of real estate, to Patricia Davis.

On August 8, 2013, Sibille filed this action against T.K. Davis and Patricia Davis pursuant to the Alabama Uniform Fraudulent Transfer Act ("AUFTA"), Ala. Code 1975 8-9A-1. (Doc. # 1 ¶ 5.) On September 29, 2013, Sibille filed an Amended Complaint (Doc. # 13) without leave of court. On October 1, 2013, Defendants T.K. and Patricia Davis moved to strike the Amended Complaint because Sibille had not sought leave to file it. (Doc. # 16.) On October 9, 2013, Sibille filed a motion for leave to amend, which the court granted. (Doc. # 18; Doc. # 20.)

On July 10, 2014, with leave of court, Sibille filed a Second Amended Complaint. (Doc. # 55.) In her Second Amended Complaint, Sibille named T.K. and Patricia Davis and My Heidi, LLC, as Defendants. In her Second Amended Complaint, Sibille seeks an order setting aside certain conveyances of T.K. Davis's half interest in My Heidi to Patricia Davis, and his transfers of property to Patricia Davis and My Heidi. Sibille contends that T.K. Davis made the transfers fraudulently in order to avoid payment on a note that came due on January 18, 2011, with an outstanding principal balance of $300,000.00, and to avoid paying a judgment in an action that Sibille filed in state court on July 18, 2011, to collect on the note.

On August 1, 2014, Sibille's original counsel in this case, John T. Alley, Jr., passed away. (Doc. # 65 at 1 ¶ 1.) On October 9, 2014, Benjamin H. Parr and J. Brandon Rice filed notices of appearance on Sibille's behalf. (Doc. # 68.)

2

On February 3, 2015, the court entered a Scheduling Order, which provided that "[m]otions to amend the pleadings and to add parties shall be filed by the parties[] on or before April 1, 2015." (Doc. # 89 at § 4.) The Scheduling Order further provided that "[a]ll discovery shall be completed on or before July 2, 2015," and that "[d]ispositive motions, *i.e.*, motions to dismiss or motions for summary judgment, shall be filed no later than July 16, 2015." (Doc. # 89 at §§ 4, 6.)

On April 1, 2015, Sibille filed a Third Amended Complaint. (Doc. # 90.) Although leave to amend was required by Federal Rule of Civil Procedure 15(a)(2), Sibille did not file a motion for leave to amend. Defendants did not answer or otherwise respond to the Third Amended Complaint.

On July 2, 2015, in a summary judgment brief, Defendants pointed out that Sibille filed the Third Amended Complaint without leave of court. (Doc. # 98 at 1 n.1.) On July 9, 2015, Sibille filed a motion for leave to amend the complaint and for leave to file the Third Amended Complaint. (Doc. # 100.)

## II.  DISCUSSION

### A.  Under the Circumstances, the Court Cannot Overlook Sibille's Failure to File A Motion to Amend.

With narrow exceptions not present in this case, amendments to pleadings may only be filed with the opposing party's consent or with the court's leave, including amendments filed before the deadline set out in the scheduling order for filing amended pleadings. Fed. R. Civ. P. 15(a)(2). In general, an amendment to a

3

complaint that cannot be made as of right and that is filed and served without obtaining leave of court is a legal nullity, and any new claims asserted in the amendment will not be considered.[1] *Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988); 6 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. Civ. § 1484 (3d ed. 2015 Westlaw). However, if leave to amend would have been granted had it been sought, and if it does not appear that other parties will be prejudiced by doing so, a court may overlook the failure to file a motion to amend and treat an untimely pleading as though it was properly filed and served. *Hoover*, 855 F.2d at 1544; 6 Fed. Prac. & Proc. Civ. § 1484.

Sibille argues that the court should overlook the failure to file a motion to amend because the Third Amended Complaint was filed on April 1, 2015, which was the deadline for amended pleadings set by the Scheduling Order, and because the failure to file a timely motion to amend was an "oversight" by counsel. (Doc. 100 at ¶¶ 1,4; Doc. # 89.) In this case, however, Defendants would be prejudiced if the court treated the amended complaint as properly filed on April 1, 2015. Sibille filed the motion to amend one week after the close of discovery, and only one week before the dispositive motion deadline. (Doc. # 89; Doc. # 100.)

Sibille's Second Amended Complaint contains only claims pursuant to the Alabama Uniform Fraudulent Transfer Act ("AUFTA"), Ala. Code 1975 § 8-9A-1.

---

[1] Although better practice would have been for Defendants to move to strike the amended pleading shortly after it was filed, Defendants were not obligated to do so, particularly where, as here, Defendants had already moved to strike a previous amended complaint filed by Sibille without leave of court. (Doc. # 13; Doc. # 18.)

(Doc. # 55.)  Some of Sibille's AUFTA claims require proof of T.K. Davis's intent at the time of the allegedly fraudulent transfers, but her AUFTA claims do not necessarily require proof of active cooperation in the fraud by Patricia Davis or My Heidi.  *See* Ala. Code 1975 §8 -9A-4(a)-(b) (setting forth the elements of a claim for actual fraudulent transfer); Ala. Code 1975 § 8-9A-4(c) (providing that, under certain circumstances, a debtor makes a fraudulent transfer when the debtor "[w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or [i]ntended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due"); Ala. Code 1975 § 8-9A-4(a)-(b) (setting forth the elements of a claim for constructive fraudulent transfer, which requires no proof of intent).

The Third Amended Complaint (Doc. # 90) adds a claim for civil conspiracy against T.K. Davis, Patricia Y. Davis, and My Heidi.  Under Alabama law, a civil conspiracy claim requires proof of "a combination of two or more individuals to accomplish an unlawful purpose or to accomplish a lawful end by unlawful means."  *McLemore v. Ford Motor Co.*, 628 So. 2d 548, 550 (Ala. 1993).  Because "the essence of a conspiracy is an agreement, a meeting of the minds between the conspirators," "[o]ne cannot inadvertently become a member of a civil conspiracy."  *First Bank of Childersburg v. Florey*, 676 So. 2d 324, 327 (Ala. Civ. App. 1996).  "The plaintiff must allege and prove that [each of] the claimed

conspirators had actual knowledge of, and the intent to bring about, the object of the claimed conspiracy." *Id.* Because the civil conspiracy claim requires proof of the state of mind of all three Defendants, the conspiracy claim necessarily requires discovery of facts that are not necessary to establish the AUFTA claims.

Nevertheless, Sibille asserts, without explanation or supporting evidence, that no additional discovery is needed on the conspiracy claim. However, she provides no evidence that discovery was taken on the conspiracy claim. The court agrees with Defendants that, if allowed, the Third Amended Complaint would require additional discovery. Additional discovery, in turn, would further delay this case, which already has faced numerous delays for reasons ranging from serious deficiencies in both parties' pleadings, to the untimely death of Sibille's previous counsel, to the addition of parties by way of amended pleadings, to unavoidable conflicts in the court's schedule. (*See* Doc. # 49; Doc. # 58; Doc. # 117; Doc. # 121.) Allowing the amendment would also require that Defendants be allowed time to file an answer, which could potentially include amended counterclaims, further changing the contours of the claims in the case and the scope of discovery. The court notes that it previously denied Defendant Patricia Davis's motion for a thirty-day extension to disclose an expert report on grounds that Sibille's objection to the motion – that the extension would require additional discovery and have an adverse domino effect on the other deadlines in the case – was well-founded. (Doc. # 97.)

Accordingly, the court cannot treat the Third Amended Complaint as though it was properly filed and served on April 1, 2015, because doing so would prejudice all parties, particularly Defendants, by necessitating the reopening of discovery on entirely new claims.  *See Hoover*, 855 F.2d at 1544.

B.    **The Untimely Motion to Amend is Due to Be Denied.**

Sibille argues that "leave to amend should be freely granted provided no prejudice to the defendant is shown." (Doc. # 100 at ¶ 7 (citing *Baker v. Firestone Tire & Rubber Co.*, 793 F.2d 1196, 1200 (11th Cir. 1986)).  However, the case Sibille cites in support of this argument relates to amendments made during and after trial to conform to the evidence.  *Baker*, 793 F.2d at 1200; Fed. R. Civ. P. 15(b).  No trial has yet occurred, and Sibille has not made any evidentiary showing as to the elements of her conspiracy claim.  *Baker*, 793 F.2d at 1200 ("[B]efore leave to amend may be granted [under Rule 15(b)], the plaintiff must establish a factual foundation for the amendment.").

Rule 15(a)(2) of the Federal Rules of Civil Procedure applies to Sibille's motion to amend.  In general, when presented with a motion to amend under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2).  Thus, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of

7

amendment, etc. – [leave to amend] should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, as explained in Section II.A., allowing the amendment would unduly prejudice the opposing parties.

Further, where, as here, the motion to amend is untimely under the court's scheduling order, the moving party must show "good cause" for the untimely motion before the court can consider whether the amendment should be allowed under Rule 15(a).  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(3)-(4) (providing that a scheduling order "must limit the time to . . . amend the pleadings," and that a scheduling order "may be modified only for good cause and with the judge's consent").  A showing of good cause requires a showing that the deadlines in the scheduling order "'cannot be met despite the diligence of the party seeking the extension.'"  *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

Sibille has not attempted to show good cause for her untimely motion to amend.  According to Sibille, the motion to amend was untimely filed due to an oversight, but lack of diligence is not "good cause."  *Id*.  Lack of good cause is particularly evident in this case because this is the second time Sibille has faced a motion to strike an amendment that was filed without leave.[2]  (Doc. # 13; Doc. #

---

[2] After Defendants moved to strike the earlier amended complaint on grounds that it was filed without leave of court in violation of Federal Rule of Civil Procedure 15(a), Sibille filed a motion to amend, which was timely and was allowed. (Doc. # 16; Doc. # 18; Doc. # 20.)  The amended complaint that was previously filed without leave was submitted by Sibille's former attorney, who has since passed away. (Doc. # 13.)  However, Sibille's current counsel is presumed to be familiar with the case file.

8

16; Doc. # 18; Doc. # 20.) Moreover, the court notes that, previously in this action, Sibille herself argued that an extension of time that would "place the parties in the position of taking depositions and conducting discovery after the discovery cutoff when that time should be reserved for trial preparations" should be disallowed because the extension would require amendment of the scheduling order without good cause. (Doc. # 95 at 2 ¶ 8.)

Because allowing the amendment would unduly prejudice Defendants, and because Sibille has not shown good cause for failing to file her motion to amend within the deadline allowed by the scheduling order, the motion to amend is due to be denied.

### III. CONCLUSION

Accordingly, it is ORDERED that Sibille's motion to amend the complaint and motion for leave to file an amended complaint (Doc. # 100) are DENIED.

Further, it is ORDERED that the Third Amended Complaint (Doc. # 90) filed by Sibille on April 1, 2015, is a legal nullity and is STRICKEN.

DONE this 25th day of March, 2016.

                                      /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE